LEACH *v.* LEACH.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—TRIAL—INSTRUCTIONS.

> Where, in an action against the owner of a corn husking machine for damages for the loss of his left hand by a boy 11 years and 7 months of age, after correctly instructing the jury as to defendant's liability, the trial judge instructed them that if the boy was not directed by defendant to clear the blower pipe and if he acted in disobedience of instructions from his parents and defendant to keep away from the machine, they might take such facts into consideration in determining whether or not the boy was guilty of contributory negligence, such instruction was reversible error, since, under the circumstances therein given, defendant had a right to have the jury instructed to find him not guilty.

Error to St. Clair; Law (Eugene F.), J. Submitted January 11, 1924. (Docket No. 21.) Decided March 5, 1924.

Case by Cecil Leach, an infant, by his next friend, against Corry Leach for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Lincoln Avery,* for appellant.

*John B. McIlwain* (*Henry Baird* and *David Fitzgibbon,* of counsel), for appellee.

WIEST, J. Plaintiff, a boy, 11 years and 7 months of age, was set at work by his father to level corn in a wagon box as it came from the carrier of a power corn husker, owned and operated by defendant. Boylike he left the wagon and was about the machine and claims defendant indicated, by a nod of his head, a desire to have him free the blower pipe of corn husks,

as it had become clogged, and while in the act and not having been warned of the danger, the fan in the blower pipe injured his left hand so it had to be amputated about two inches above the wrist joint. Defendant denies indicating to the boy in any way a desire to have him free the blower pipe or any knowledge, before the accident, that the boy was attempting to do so. These claims of the parties presented the main issue before the jury.

Defendant requested the court to charge the jury:

"If you find from the evidence that the plaintiff acted upon sudden boyish impulse to open the blower pipe on this husking machine on this day in question. and put his hand in the pipe to take out shredded corn husks, without any direction from the defendant to do so, and there being nothing to apprise defendant that plaintiff was about to do so, and in disobedience of instructions to keep away from the machine given him by his parents and defendant, and while in the act received injuries to his hand which made it necessary to amputate it, then the plaintiff cannot recover damages because of his injury so sustained, from defendant, and your verdict in that event should be not guilty."

This request undoubtedly stated the applicable law and under the evidence defendant was entitled to have it given, or the substance thereof covered. The substance thereof was given as follows:

"In order to enable you to find defendant guilty of negligence in the loss of plaintiff's left hand, you must find, from a preponderance of the evidence, that the blower pipe of the husker shredder machine was clogged and that defendant stopped the husking rolls by moving a lever, and nodded a direction to the plaintiff to clear out the obstructions from the blower pipe, for this is a specific claim of the plaintiff. * * *

"If the plaintiff fails to establish by a preponderance of the evidence that defendant directed him by a stoppage of the husker rolls, and nodding a direction to plaintiff to clean out the blower pipe, then you

cannot find defendant guilty of negligence and your verdict must be not guilty.   *   *   *

"If you find from the evidence that defendant did not direct plaintiff to clear out the blower pipe on this machine this day, then your verdict must be not guilty.   *   *   *

"If you find under the evidence and the law, as stated to you by the court, that defendant was not guilty of negligence, you must not go further; but you should at once return a verdict of not guilty in favor of the defendant."

But later the court nullified the effect of this by the following instruction:

"If you find from the evidence that the plaintiff acted upon a sudden boyish impulse to open the blower pipe on this machine, on this day, and put his hand in the pipe to remove obstructions, without any direction from defendant to do so, and in disobedience of instructions to keep away from the machine, given him by his parents and defendant and while in the act received the injuries to his hand which made it necessary to amputate it, then you may take these facts into consideration in determining whether or not the plaintiff was guilty of such contributory negligence as to defeat his recovery.   You may also consider these facts as you find them, as bearing upon the question of whether or not the defendant was guilty of negligence.   If you find that plaintiff during the day he was injured, and before the injury, received instructions and warning to keep away from this machine, it became his duty to obey such instructions and warnings, and if you find that he disobeyed them by going to this blower pipe and raising it up and putting his hand in the opening to take out obstructions, without direction from defendant to do so, in that event you may consider this fact as bearing upon the question of plaintiff's contributory negligence.   *   *   *

"If from the evidence you find it to be true that plaintiff opened the blower pipe without instructions to do so from defendant, and in disobedience of instructions from defendant and from plaintiff's parents to keep away from the machine, then you may take these facts into consideration in determining whether or not plaintiff was guilty of contributory negligence."

If plaintiff's injury happened under the circumstances last mentioned defendant had a right to have the jury instructed to find him not guilty. For this error the judgment must be reversed and a new trial granted, with costs to defendant.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.